UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NERI TAWFIQ,

        Plaintiff,

v.

TERESA DUFRESNE,

        Defendant.
_____/

Case No. 22-cv-10164

Paul D. Borman
United States District Judge

Patricia T. Morris
United States Magistrate Judge

**OPINION AND ORDER:**
**(1) ADOPTING MAGISTRATE JUDGE PATRICIA T. MORRIS'S SEPTEMBER 6, 2022 REPORT AND RECOMMENDATION (ECF NO. 19);**
**(2) OVERRULING PLAINTIFF NERI TAWFIQ'S OBJECTION (ECF NO. 20);**
**(3) GRANTING DEFENDANT TERESA DUFRESNE'S MOTION TO DISMISS (ECF NO. 14); AND**
**(4) DISMISSING CASE WITHOUT PREJUDICE**

On September 6, 2022, Magistrate Judge Patricia T. Morris issued a Report and Recommendation to grant Defendant Teresa Dufresne's Motion to Dismiss, and to dismiss Plaintiff Neri Tawfiq's Complaint without prejudice. (ECF No. 19, Report and Recommendation ("R&R").) On September 12, 2022, Plaintiff Neri Tawfiq filed a document titled "Objection No. 1 to Defendant's Moti[o]n for Summary Judgment." (ECF No. 20, Pl.'s Obj.)

The Court, having conducted *de novo* review under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) of those portions of the Report and Recommendation to which

specific and timely objections have been filed, OVERRULES Plaintiff's Objection, GRANTS Defendant's Motion to Dismiss, and DISMISSES this case WITHOUT PREJUDICE.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The procedural history and background facts related to Defendant's Motion to Dismiss are set forth in the Magistrate Judge's Report and Recommendation, and will not be repeated here in full. (See ECF No. 19, R&R, PageID.124-27.)

As an overview, Christopher Cauley, the Director of the Saginaw Veterans Affairs (VA) Medical Center, terminated Plaintiff Neri Tawfiq's employment as a Staff Pharmacist at the Medical Center on March 23, 2021, upon the recommendation of Tawfiq's supervisor, Theresa Dufresne, due to poor conduct during his probationary period. That same day, Tawfiq, a disabled veteran who also receives care at the VA, had an alleged "outburst" in the pharmacy area of the VA. The Saginaw VA Medical Center's Disruptive Behavior Committee (DBC) subsequently determined that Tawfiq posed a risk to patient and staff safety and implemented a "Patient Record Flag" on Tawfiq's medical chart, which required Tawfiq to check in with VA police whenever he arrives at a VA facility for a medical appointment, so that he could be escorted by police to and from his appointments.

Tawfiq later filed an EEO complaint of discrimination with the Office of Resolution Management, alleging that he was subjected to a hostile work

2

environment based on race, sex, color, and disability. Tawfiq alleged that his coworkers belittled him and made inappropriate comments about his race.

On January 26, 2022, Tawfiq filed a Complaint against Dufresne in this Court, attaching numerous documents and alleging four claims: (1) Dufresne "[g]ave intentionally false statements" which later served as the basis for his Patient Record Flag; (2) Dufresne "gave false information" to both the EEO committee and to "the Tenth District Circuit Court of [Michigan]"; (3) Dufresne is liable for "shar[ing]" his "license plate" number with "all the VA across the country"; and (4) wrongful termination against Dufresne. (ECF No. 1, Compl., PageID.5.)[1] Tawfiq seeks monetary damages from Dufresne in her individual capacity. (*Id.* PageID.5-6) (ECF No. 4, Am. Compl., PageID.59.)

On May 19, 2022, Defendant Dufresne filed a motion to dismiss Tawfiq's Complaint, arguing that Dufresne was acting within the scope of her employment with regard to Tawfiq's allegations, and Tawfiq fails to identify a proper basis for this Court's jurisdiction. Dufresne further argues that, even if the Court had jurisdiction, Tawfiq fails to state a claim against her. (ECF No. 14, Def.'s Mot.)

---

[1] Tawfiq has filed seven additional lawsuits against Dufresne and other VA employees allegedly involved in his termination and the placement of the behavioral flag on his patient record. *See Tawfiq v. Dufresne*, Case No. 21-cv-10976 (dismissed on December 21, 2021); *Tawfiq v. Johnson*, Case No. 22-cv-10163 (dismissed on January 28, 2022); *Tawfiq v. Hines*, Case No. 22-cv-10175; *Tawfiq v. Cauley*, Case No. 22-cv-10176; *Tawfiq v. Hines*, Case No. 22-cv-10328; *Tawfiq v. McDonough*, Case No. 22-cv-10928; and *Tawfiq v. Cauley*, Case No. 22-cv-10245.

Tawfiq filed a response to Defendant's motion to dismiss, stating only that he believed the VA and the AUSA assigned to this matter "are submitting false statements to the Eastern 10th district Court," without further elaborating on the statement. (ECF No. 15, PageID.120.) (See also ECF No. 18 (asserting that "[t]he defendant has submitted fraudulent information to the United States District Court.").)

This case was referred to Magistrate Judge Patricia T. Morris for all pretrial proceedings. (ECF No. 16.)

On September 6, 2022, Magistrate Judge Morris issued a Report and Recommendation (R&R), recommending that Defendant Dufresne's motion to dismiss be granted and that Plaintiff's Complaint be dismissed without prejudice. (ECF No. 19, R&R.) The Magistrate Judge determined that Tawfiq's wrongful termination claim should be dismissed because that Tawfiq cannot hold Dufresne individually liable under Title VII, as Title VII actions may not be brought against employees and supervisors in their individual capacities, and that the Civil Service Reform Act (CSRA) provides the exclusive recourse for federal employees who wish to challenge their termination, with the Merit Systems Protections Board (MSPB) and the Federal Circuit holding exclusive jurisdiction over CSRA claims. (*Id*. PageID.129-30.) The Magistrate Judge then found that Tawfiq's remaining claims failed to identify any cognizable cause of action and thus fail to state a claim

4

against Dufresne. The Judge finally found that, to the extent Tawfiq's complaint could be interpreted to allege a defamation claim, the Court lacks subject matter jurisdiction over such a claim. The Magistrate Judge therefore recommended that Plaintiff's complaint be dismissed without prejudice.

On September 12, 2022, Plaintiff filed a document titled "Objection No. 1 to Defendant's Moti[o]n for Summary Judgment." (ECF No. 20, Pl.'s Obj.) Plaintiff's "Objection" states:

> Plaintiff recommendation, please give me the proper respect and treatment me as a human being. I have submitted the same government documents over and over again, and some how the Judge is not receiving all the Federal documents. I can take full responsibility for the Burden of Proof, if I am allowed to appear in front of the Judge, that is no problem for me. I can prove that defendant did not act accordingly within the scope of employment, also the defendant performed in perjury on Federal documents, and submitted fraudulent information to Department of United States Veteran Affairs as well as the Federal Court, and State Court.
>
> I mean no disrespect for the words that follow this sentence. If my nationality was of caucasian decent [sic], I would have been allowed to appear in-front of a Judge years ago.

(ECF No. 18, PageID.119-20.)

## II.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich.

5

2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate[ judge]'s report that the district court must specially consider." *Id*. (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Sec'y of Health & Human Serv.*, 932 F.2d 505, 509 (6th Cir. 1991)).

### III. ANALYSIS

Plaintiff's Objection fails to state any specific objections to the Magistrate Judge's Report and Recommendation or demonstrate how the Magistrate Judge's

recommendation was erroneous. In fact, Plaintiff filed this identical "objection" in four of his other cases, involving different defendants and different claims. The Magistrate Judge's R&R expressly discussed the standards regarding Objections pursuant to Fed. R. Civ. P. 72(b)(2) and E.D. Mich. Local Rule 72.1(d), and required that "[a]ny objections must be labeled as 'Objection No. 1,' and 'Objection No. 2,' etc." and "must recite precisely the provision of this R&R to which it pertains." (ECF No. 19, R&R, PageID.137-38.) Plaintiff's Objection fails to follow these requirements but instead is, read liberally, in the form of a generalized disagreement with the Magistrate Judge's recommendation. This Objection fails to include any developed argument or cite to any legal authority holding contrary to the conclusions reached by the Magistrate Judge, and fails to identify any specific issues the Magistrate Judge allegedly determined in error in the R&R.

It is well settled in the Sixth Circuit that "merely express[ing] a general disagreement with the magistrate judge's legal analysis," is not sufficient to preserve objections to a magistrate judge's recommendation. *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017). "A general objection to the entirety of the magistrate [judge's] report has the same effect as would a failure to object, and an objection that does nothing more than state a disagreement with a magistrate [judge's] suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal

Rule of Civil Procedure 72." *Id.* (citing *Howard*, 932 F.2d at 509) (quotations omitted). "[F]ailure to file specific objections to a magistrate [judge's] report constitutes a waiver of those objections, and the Court is not required to conduct a de novo review of the issues addressed by the magistrate judge." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

By failing to identify any discrete issue or present any developed factual or legal basis in support of his general "objection," Tawfiq has waived any objection to the substantive analysis of the Magistrate Judge's Report and Recommendation. Tawfiq has not advanced a sufficient ground for determination that the Magistrate Judge erred in her findings of fact or law. Therefore, Tawfiq has waived any further challenge to the Magistrate Judge's substantive analysis which, so far as the record shows and the case law on point holds, was well reasoned and correct as a matter of fact and law.

### IV.   CONCLUSION

For the foregoing reasons, the Court:

**(1) OVERRULES** Plaintiff's Objection (ECF No. 20);

**(2) ADOPTS** Magistrate Judge Morris's September 6, 2022 Report and Recommendation on Defendant's Motion to Dismiss (ECF No. 19);

**(3) GRANTS** Defendant's Motion to Dismiss (ECF No. 14); and

    **(4)  DISMISSES** this case **WITHOUT PREJUDICE**

IT IS SO ORDERED.

Dated: December 22, 2022
                                          s/Paul D. Borman
                                          Paul D. Borman
                                          United States District Judge